1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,

CASE NO. 12-cr-4989-GPC

11

Plaintiff,

**ORDER DENYING RULE 41
MOTION FOR RETURN OF
PROPERTY**

12

vs.

13
14

SEBASTIAN VEGA-BELTRAN,

Defendant.

15
16
17

      This matter comes before the Court on Defendant Sebastian Vega-Beltran's

18

Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g). The Government has

19

filed a response and opposition and Defendant failed to file any reply to the opposition.

20

For the reasons stated herein, the motion is DENIED.

21

**BACKGROUND**

22

      On November 2, 2012, Defendant Sebastian Vega-Beltran (hereinafter

23

"Defendant") drove an unmarked commercial bus from Mexico into the United States

24

through the San Ysidro Port of Entry. A search of the bus by law enforcement officers

25

revealed approximately 225.48 kilograms of marijuana concealed in the bus. Defendant

26

was charged with importation of marijuana in violation of Title 21, United States Code,

27

Sections 952 and 960 and entered a guilty plea pursuant to a written plea agreement

28

filed on or about January 29, 2013. (ECF No. 21) The plea was accepted by the District

1  Court on February 25, 2013 (ECF No. 25), and Defendant was sentenced on April 12,

2  2013, to 24 months in custody and two years of supervised release. (ECF No. 33.)

3       On October 21, 2013, Defendant filed a motion for return of $1,000.00 in U.S.

4  Currency seized from him on November 2, 2012. (ECF No. 35.) Subsequent to

5  Defendant's arrest in November 2012, Customs and Border Protection had initiated and

6  completed administrative forfeiture proceedings as to the claimed $1,000.00. (ECF No.

7  38-2) On December 11, 2012, CBP sent notices of administrative forfeiture to

8  Defendant at two addresses and also published its notice of forfeiture on February 6,

9  13 and 20, 2013. (Id.) No claims or petitions were received in response to either the

10  directly sent notice or the published notice (Id.) CBP entered a Declaration of

11  Administrative Forfeiture of the $1,000 on April 11, 2013. (Id.) The money was

12  thereafter deposited into the United States Treasury.

13  **ANALYSIS**

14       Paragraph I.C. of the written plea agreement contains a specific and detailed

15  consent and agreement by Defendant to forfeiture of all property seized in connection

16  with the case. (ECF No. 21 at 2.) The money seized from Defendant at the time of his

17  arrest on the marijuana importation charge was property seized in connection with the

18  case. Under the plea agreement, Defendant is bound by the forfeiture of the money.

19       Also, this Court lacks jurisdiction to grant Defendant's Rule 41 motion. A forum

20  and remedies existed to address Defendant's claims in the administrative forfeiture

21  process which he chose to ignore or not otherwise respond. See United States v. United

22  States Currency, $83,310.78, 851 F.2d 1231 (9th Cir. 1988) (government filing of civil

23  forfeiture action required dismissal of owner's Rule 41(e) motion – 41(e) is the

24  predecessor to 41(g)); Shaw v. United States, 891 F.2d 602 (6th Cir. 1989) (once

25  government instituted civil forfeiture proceedings concerning money seized from

26  claimant, claimant could not move under Rule 41(e) for return of property so as to

27  bypass statutory forfeiture procedure; motion for return of property under rule of

28  criminal procedure was equitable remedy, and claimant had adequate remedy at law).

**CONCLUSION**

It is hereby ORDERED that Defendant Sebastian Vega-Beltran's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) is DENIED.

DATED:  November 10, 2014

HON. GONZALO P. CURIEL
United States District Judge

12-cr-4989-GPC